HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. A. P. BROWN.

Decided January 11, 1905.

**1.—Action for Penalty—Amount—Jurisdiction.**

An action for penalty under art. 326, Rev. Stat., for failing to feed and water live stock, the penalty being $5 to $500, was properly brought for $300, though a claim for the full amount of the penalty, together with damages sued for, would have made the total amount for which recovery was sought beyond the jurisdiction of the court.

**2.—Demand for Cars—Penalty—Damages.**

A demand for cars, though not in writing as required by the statute, where made a basis for recovering the statutory penalty for failing to furnish them, may be pleaded as a basis for recovering damages for delay in making shipment.

**3.—Carrier—Watering Live Stock—Demand.**

It is not necessary that the pleading show that a demand of the shipper that live stock be watered was made of any particular agent of the carrier.

**4.—Pleading—Negativing Statutory Construction.**

Exceptions to a statutory liability, contained in the statutory description of the injury, must be negatived by plaintiff's pleading, but see pleadings in which the existence of a contract exempting a carrier from liability to feed and water live stock was held to be sufficiently denied in the supplemental petition.

**5.—Carrier—Live Stock—Feeding and Watering.**

The penalty prescribed by the statute does not attach for failure of the carrier to permit or enable the shipper who has contracted to feed and water to do so.

**6.—Same—Burden of Proof.**

The shipper is held to negative the existence of a contract by which he himself undertook to feed and water live stock in transit not only by his pleading but with evidence.

**7.—Damages—Penalty—Practice on Appeal.**

In reversing a judgment for penalty and damages for failing to feed and water live stock in transit on account of errors in the charge relating only to penalty, the court will not, at request of the party recovering, reverse as to penalty and render judgment for the damages alone, the two being so connected as to properly be considered together.

Appeal from the County Court of Llano. Tried below before Hon. F. J. Johnson.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.—In determining the amount in controversy in a given case, the court must look, not to the prayer, but to the amount for which the plaintiff, by his allegations of fact, asserts a cause of action. In this case the plaintiff alleged his actual damages at $531.17 and by pleading facts which he alleged entitled him to the statutory penalty of not more than $500 made the whole amount in controversy $1031.17, which is beyond the jurisdiction of the County Court. Rev. Stat., art. 326; Rose v. Riddle, 3 Texas App. (C. C.), 366; Pioneer S. & Loan Co. v. Wilson, 39 S. W. Rep., 1095.

The court erred in overruling defendant's special exception because plaintiff's petition nowhere alleged to what officer or agent of defendant at Austin he gave notice that his hogs required to be watered, and demanded that they be unloaded and watered, and because it was material that the defendant should be advised of said facts with sufficient particularity to enable it to meet the same with controverting evidence. Hutchison on Carriers (2d ed.), sec. 152a; Grover & B. S. Mach. Co. v. M. P. Ry. Co., 35 Am. Rep., 444; Perkins v. Railway Co., 47 Me., 592; Wait v. Railway Co., 5 Lans. (N. Y.), 477; Burroughs v. Railway Co., 1 Am. Rep., 78.

In a suit to recover a penalty, the pleader must not only allege all facts necessary to entitle him to recover, but must expressly negative every state of facts which, under the terms of the statute, would defeat a recovery. Rev. Stat., art. 326; Hale v. Mo. Pac. Ry. Co., 36 Neb., 266; Fish v. Manning, 31 Fed. Rep., 340; U. S. v. Spinning Co., 70 Fed. Rep., 978; Chicago, B. & Q. Ry. Co. v. Carter, 20 Ill., 391; Barber v. Levy, 73 Miss., 484; Hoffman v. Peters, 51 N. J. L., 244; Whitecraft v. Venderver, 12 Ill., 235; Berry v. Stinson, 23 Me., 140; Smith v. Moore, 6 Me., 274; Little v. Thompson, 2 Me., 228; Steuben Co. v. Wood, 24 N. Y. App. Div., 442; People v. Bradt, 46 Hun, 445; State v. O'Donnell, 10 R. I., 472; Mills v. Kennedy, 1 Bailey L. (S. C.), 17.

In order to bring himself within the letter of the statute, it was necessary that the plaintiff should allege that he himself was not bound by special contract to water his hogs, but his petition contained no such allegation. It was incumbent on plaintiff, under the statute, to prove that he was not so bound, and the jury should have had submitted to them the issue whether or not he was himself bound to water his hogs, and should have been advised that if he was so bound, there could be no recovery. Rev. Stat., art. 326; Hale v. Missouri Pac. Ry. Co., 36 Neb., 266; same case, 54 N. W. Rep., 517; Fish v. Manning, 31 Fed. Rep., 340; U. S. v. Spinning Co., 70 Fed. Rep., 978; Chicago, B. & Q. Ry. Co. v. Carter, 20 Ill., 391; Barber v. Levy, 73 Miss., 484; Hoffman v. Peters, 51 N. J. L., 244; Whitecraft v. Vanderver, 12 Ill., 235; Berry v. Stinson, 23 Me., 140; Smith v. Moore, 6 Me., 274; Little v. Thompson, 2 Me., 228; Steuben Co. v. Wood, 24 N. Y. App. Div., 442; People v. Bradt, 46 Hun, 445; State v. O'Donnell, 10 R. I., 472; Mills v. Kennedy, 1 Bailey L. (S. C.), 17.

*Jno. C. Oatman* and *Chas. L. Lauderdale,* for appellee.


FISHER, CHIEF JUSTICE.—This is a suit by the appellee against the Railway Company for damages alleged to have been sustained to a certain shipment of hogs from Llano to the city of Houston; and also to recover a penalty in the sum of $300 for a violation upon the part of the Railway Company of article 326 of the Revised Civil Statutes. Verdict and judgment were in appellee's favor for the item of damages sued for and also for the penalty.

We overrule appellant's first assignment of error. It is there practically contended that the appellee, in suing for the penalty, should have sued for the full amount authorized by the statute. The statute prescribes that the carrier failing to perform the duty to feed and water, shall be liable to a penalty of not less than $5 nor more than $500. The appellee sued for only $300. It is contended by the appellant that the appellee in suing for the penalty, could not sue for a sum less than the full amount authorized to be recovered by the statute; and that this amount, added to the item of damages sued for, would be beyond the jurisdiction of the County Court. In our opinion, the assignment is not well taken.

Appellant under its second assignment of error contends that a demurrer should have been sustained to plaintiff's petition, because it was not averred that the plaintiff made a demand in writing for the cars by which his hogs were transported to market. Plaintiff's petition practically alleges that there was an agreement to furnish cars at a certain time, which it is alleged was breached; and also that a demand was made that cars be furnished, so that his hogs could be shipped at a certain time. It is not alleged that this demand was made in writing. The plaintiff is not seeking to recover the penalties prescribed by the statute for failure to comply with the demand which that statute required to be in writing, but so far as the cause of action is predicated upon the failure to furnish cars, it is merely one of the facts pleaded as an act of negligence, upon which he predicates his damages in part. So far as the action for damages is concerned, we do not think it is essential that a demand should be made in writing; but the rule would be different, if it was sought to hold the railway company liable for the penalty. .

Appellant's third assignment of error is overruled. The averments with reference to the request at Austin that the hogs should be watered was sufficient. It was not necessary that it should be alleged that a demand or request that the hogs be watered was made upon any particular agent. All that was essential was that the railway company, or, as the plaintiff alleges, that the defendant water or cause the hogs to be watered.

The appellant under its fourth assignment of error correctly states the law bearing upon that subject. A party who seeks to recover the penalty provided by article 326, should allege the fact that the duty imposed upon the carrier, as required by this statute, was not waived by a special contract. The statute reads as follows:

"Art. 326. It shall be the duty of a common carrier who conveys livestock of any kind, to feed and water the same during the time of conveyance and until the same is delivered to' the consignee or disposed of as provided in this title, unless otherwise provided by special contract, and any carrier who shall fail to so feed and water said livestock sufficiently, shall be liable to the party injured for his damages, and shall be liable also to a penalty of not less than five nor more than five hundred dollars, to be recovered by the owner of such livestock in any court having jurisdiction in any county where the wrong is done or where the common carrier resides."

It will be observed that in the body of the act that creates the offense there is contained the exceptions that relieve the carrier from liability to feed and water, if there is a special contract to ᐧ that effect. Now the rule upon this subject, as we understand it, is that "if facts in the nature of exceptions enter into the statutory description of the injury, or are contained in the enacting clause, they must be negatived in the pleadings, but if they are contained in subsequent sections or statutes and go only to defeat a liability otherwise apparent, they are matters of defense." 16 Ency. Plead & Prac., 278. But the requirement of this rule with reference to pleading was, in our opinion, substantially complied with. It is true, the original petition did not in terms allege

that there was no special contract in writing relieving the carrier of the duty to feed and water, but the appellant did plead a contract in writing which sought to relieve the carrier of that duty; to which the appellee by supplemental petition replied to the effect that while it was true, such a contract was signed, that it was without consideration and executed under circumstances that was not binding upon the plaintiff. The pleadings upon the subject being in this condition, we think that the provisions of the statute were sufficiently complied with, so far as the question of pleading is concerned.

We overrule the appellant's fifth and sixth assignment of error, which is a general complaint urged against the charge of the court, except as to errors in the charge, which will be disposed of later on.

The court's definition of negligence, as complained of in the 7th assignment of error, is not entirely accurate; but we do not make the defect in the charge in this respect ground of reversal. The test is what a person of ordinary prudence would or would not do, and not what ordinarily intelligent and prudent men would or would not do.

In view of the facts, we overrule the 8th assignment of error.

The 9th assignment of error complains of the charge of the court in submitting to the jury the issue whether or not the plaintiff was entitled to recover the penalty claimed in plaintiff's petition. . The second proposition submitted under this assignment complains of the charge because it permits the plaintiff to recover the penalty, although there may have been a special contract requiring the plaintiff himself to water and feed the hogs. It is insisted in this connection, that it was incumbent upon the plaintiff under the statute to show that he was not so bound, and the jury should have had submitted to them the issue whether or not he was bound to water the hogs, and if such was the case he would not recover the penalty. This objection to the charge is well taken. It is · true that there is no assignment of error in the record complaining of the refusal of the court to give any charge requested by the appellant submitting to them the question whether the written contract pleaded by appellant was valid and binding, and whether it superseded the verbal contract pleaded by the plaintiff. While it appears from the evidence that the plaintiff did sign what purported to be a written contract, after the hogs had been received by and delivered to the railway company, but the evidence introduced in avoidance of that contract tends to show that it was not binding upon the plaintiff. Missouri, K. & T. Railway Co. v. Carter, 9 Texas Civ. App., 687, 29 S. W. Rep., 565. But as to whether· it was binding was a question of fact to be passed upon by the jury, and which was not submitted by the trial court in its charge, but the charge on the subject of penalty is as follows: "If you are satisfied from the evidence that the plaintiff delivered his hogs to defendant for transportation from Llano to Houston, as alleged by plaintiff, and that while said hogs were in the possession of defendant · and in course of transportation given by it, the plaintiff requested the defendant to afford and furnish the plaintiff with means and facilities and opportunities of watering said hogs sufficiently, and that defendant failed to afford or furnish such means, facilities and opportunities; and if you are further satisfied from the evidence that the defendant failed

to sufficiently water said hogs, or cause the same to be done while they were in its possession, and in the course of transportation by it, then you may find in favor of the plaintiff against the defendant such penalty as you may be satisfied is warranted by all the facts in evidence in this case."

The first part of the charge that submits to the jury the failure of the railway company to afford the plaintiff means, facilities and opportunities for watering the stock, is not made a ground of recovery of the penalty by the statute. The statute nowhere provides that the plaintiff would be entitled to recover, if the railway company failed or refused to permit the shipper to feed and water; but it only provides for the penalty in the event the carrier fails to feed and water; and this duty and burden upon the carrier can be relieved of by a special contract. But it nowhere provides that if there is a special contract relieving the carrier of that duty, that it should become liable for the penalty in the event it refused or failed to furnish the plaintiff with an opportunity to feed and water. The law in this respect is evidently defective. It should embrace also a liability upon the part of the carrier where it refuses and fails to furnish the plaintiff with an opportunity to feed and water, when there is a contract to the effect that this shall be done by the plaintiff. But we have no power, in view of the rule of strict construction, to extend the terms of the statute to classes not clearly embraced in the language used in defining the offense. Although there is evidence in the record to the effect that a written contract was executed, and whether binding or not was a question of fact for the jury, the charge quoted omits that feature of the law that relieved the carrier from liability in the event that there was a special contract relieving it of the duty to feed and water. This provision is a part of the terms of the statute that creates the offense and authorizes the penalty to be recovered, and a charge, where the evidence is of the nature as shown by the record in this case, which fails to embrace this element of the statute, is defective, not only as an omission which might be cured by a special instruction, but is positive error. The exception or proviso being embraced within the enacting clause of the statute that creates and defines the offense and provides the remedy, should not only have been negatived in the pleading, but the facts so averred should have been proven by the plaintiff. The statute authorizes the recovery of the penalty from the carrier for its failure to feed and water, unless it is otherwise provided in a special contract. This exception is a material part of the statute; and it is apparent that the purpose was to give a cause of action, so far as the penalty is concerned, only in those cases where there was no special contract relieving the carrier of the duty to feed and water.

What we have said, in effect, disposes of the 10th and 11th assignments of error. We dispose of the 12th and 13th assignments of error with the statement that, in our opinion, the verdict and judgment are not excessive. What we have said also practically disposes of the 14th assignment of error.

In the concluding part of appellee's brief, it is suggested that if we reverse on account of any error committed by the trial court as to the

right of the plaintiff to recover the penalty, then that the judgment be reversed only as to that item and affirmed as to the damages. While we have the power to comply with this request, still, in a case of this character, we are of the opinion that the two items should properly be submitted together. The plaintiff has seen fit to ask in the one suit a recovery for the damages sustained and also for the penalty. Now a jury, in passing upon the amount of penalty that the plaintiff might be entitled to recover, would doubtless have the power, and in many cases it would be proper to exercise it, to consider the amount of damages that they should award the party arising from the negligence of the carrier in transporting the shipment. In awarding the amount of penalty, the jury is not absolutely bound to go to the extent claimed by the plaintiff, but can award any sum less than that, not less than $5. And if they were willing to give the plaintiff the full amount of the damages that he claimed, or what sum they might see fit to be a full and complete satisfaction and compensation for the damages sustained, it would doubtless have some influence upon them in determining the amount of penalty that should be recovered. Therefore, we are of the opinion that in this case, it would be proper to submit the two items, and let the jury pass upon them.

For the error pointed out in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*